**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JUAN D. L., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:17-cv-367 <br><br> Chief District Judge Robert J. Shelby |

Plaintiff Juan D. L. (J. L.)[1] filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final administrative decision denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.[2] J. L. applied for benefits in April of 2015, alleging disability beginning on September 9, 2014. The agency denied his application initially and on reconsideration. On October 11, 2016, J. L. received a de novo hearing before an Administrative Law Judge (ALJ), who determined J. L. was not disabled. On March 7, 2017, the Appeals Council denied J. L.'s request for review, making the ALJ's determination the final agency action. J. L. then sued, and the undersigned referred the case to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B).[3]

Judge Furse issued a Report and Recommendation on September 26, 2018,[4] recommending that this court remand the Commissioner's decision because the ALJ failed to

---

[1] In her Report and Recommendation, Magistrate Judge Furse does not identify Plaintiff's last name pursuant to newly adopted best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases. The court will continue this practice.

[2] Dkt. 2 at ¶ 3.

[3] Dkt. 25.

[4] Dkt. 26.

1

provide sufficient analysis to permit court review. Judge Furse found the ALJ did not provide a legally sufficient analysis, because he did not discuss or assign weight to any medical opinion other than agency physicians. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, filed a timely Objection[5] to Judge Furse's Report and Recommendation, to which J. L. filed a Response.[6]

The court has conducted a de novo review of Berryhill's Objection. Having considered it and J. L's Response, along with the parties' briefing before Judge Furse, the applicable law, evidentiary record, and reasoning in Judge Furse's Report and Recommendation, the court OVERRULES the Objection, ADOPTS Judge Furse's Recommendation, and REMANDS this action.

## BACKGROUND

On October 11, 2016, the ALJ issued a decision denying J. L.'s petition for disability benefits.[7] In his decision, the ALJ followed the familiar five-step sequential process for evaluating claims for disability benefits.[8] At step two of the process, the ALJ found J. L. suffered from the following severe impairments: unspecified depressive disorder, degenerative disc disease of the lumbar, thoracic, and cervical spine, degenerative joint disease arthritis of the lefts shoulder, osteoarthritis of the bilateral ankles, headaches, plantar fasciitis, and obesity.[9] At step four, the ALJ determined that J. L.'s impairments did meet or medically equal the severity

---

[5] Dkt. 27.

[6] Dkt. 28.

[7] Tr. 20 (Dkt. 11-2 at 21).

[8] *See* 20 C.F.R. § 404.1250(a)(4).

[9] Tr. 25 (Dkt. 11-2 at 26).

of one of the listed impairments found in 20 C.F.R. 404.[10] At step five, the ALJ found that J. L. was not disabled, concluding he had the residual functional capacity (RFC) to perform light work.[11] Specifically, the ALJ determined although J. L. could not return to his prior work,[12] he could:

> lift and carry twenty pounds occasionally and ten pounds frequently; sit or stand for six hours of an eight [sic] workday. The claimant can occasionally reach overhead bilaterally and can reach, handle, finger, and feel frequently. . . . Mentally, the claimant can understand, remember and carry out short simple instructions.[13]

In rendering his decision, the ALJ assigned "great weight" to the opinions of state agency consultants,[14] finding the consultants opinions consistent with the record, and relying on their familiarity with the "definitions and evidentiary standards used by the agency."[15] Alternatively, the ALJ did not assign weight to a number of J. L's treating physicians who provided evidence in favor of J. L's claim. Those treating physicians were, Drs. Craig Davis, Timothy Grange, Aharon Shulimson, Kathryn Casull, and Kathy Barnett. In his decision, the ALJ briefly discussed the treatment records of Drs. Davis, Grange, Shulimson, and Barnett, but discussed only Dr. Barnett by name.[16] The ALJ did not mention Dr. Casull or her records. And at no point in his decision did the ALJ discuss the weight, if any, he gave each of the treating physicians' opinions.

---

[10] Tr. 26 (Dkt. 11-2 at 27).

[11] Tr. 28 (Dkt. 11-2 at 29).

[12] Tr. 32 (Dkt. 11-2 at 33).

[13] Tr. 28 (Dkt. 11-2 at 29).

[14] Tr. 32 (Dkt. 11-2 at 33).

[15] *Id.*

[16] Tr. 31 (Dkt. 11-2 at 32).

3

**APPLICABLE LAW**

This court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[17] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] This "requires more than a scintilla, but less than a preponderance."[19] If the ALJ's findings are not supported by substantial evidence, that is cause for reversal.[20] Additionally, the court may also reverse the ALJ's determination if the ALJ fails to apply proper legal standards.[21]

J. L. objects to the ALJ's determination, arguing the ALJ erred by failing to evaluate the opinions of his treating physicians "using the factors enunciated in the regulations," and "downplayed or ignored medical evidence."[22]

"The regulations and agency rulings give guidance on the framework an ALJ should follow when dealing with treating source medical opinions relating to the nature and severity of impairments."[23] Agency rulings "contemplate[] that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight."[24] To determine whether an opinion is entitled to controlling weight, the ALJ first must consider whether the opinion is "well-supported

---

[17] *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

[18] *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

[19] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[20] 42 U.S.C. § 405(g).

[21] *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

[22] Dkt. 16 at 11.

[23] *Watkins*, 350 F.3d at 1300, *see also Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (stating that there is a "sequential analysis the ALJ should pursue in evaluating a treating physician's opinion").

[24] *Id.*

4

by medically acceptable clinical and laboratory diagnostic techniques."[25] If the answer is no, the inquiry ends. If the answer is yes, the ALJ must "then confirm that the opinion is consistent with other substantial evidence in the record."[26] Even if the ALJ determines a treating source opinion is not entitled to controlling weight, the opinion should not be rejected because "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."[27] These regulatory factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[28]

After evaluating the regulatory factors, the ALJ "must give good reasons in [the] notice of determination or decision for the weight he ultimately assigns the opinion."[29] If the ALJ wholly rejects the opinion, he is required to provide "specific, legitimate reasons for doing so."[30]

## DISCUSSION

In her Report and Recommendation, Judge Furse explained that the ALJ "erred in apparently rejecting the opinions of J. L's treating and examining physicians . . . without providing a legally sufficient explanation."[31] As a result, Judge Furse determined that "[w]ithout

---

[25] *Id*. (quoting SSR 96–2p, 1996 WL 374188, at *2).

[26] *Id.*

[27] *Id.*

[28] *Id.* at 1301 (citing *Drapeu v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).

[29] *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)) (internal quotation marks omitted).

[30] *Id.* (citation and internal quotation marks omitted).

[31] Dkt. 26 at 14.

discussion of so many medical opinions and with no weight assigned to any medical opinion other than agency physicians," she could not "follow the ALJ's reasoning and thus [could not] find the errors and omissions harmless."[32] Berryhill objected to Judge Furse's determination, contending that remand is unnecessary because weighing the evidence provided by J. L.'s treating physicians would not change the outcome.[33] The court disagrees.

As discussed by Judge Furse, the ALJ's decision is void of reference to the standards he applied in assessing the opinions of Drs. Davis, Grange, Shulimson, Casull, and Barnett. For instance, the ALJ does not discuss why he did not give these opinions controlling weight. He does not provide an explanation of what lesser weight he may have given these opinions. And finally, the ALJ does not assess any of the factors outlined in 20 C.F.R. § 404.1527 and 416.927.

Berryhill does not argue this point. Instead, Berryhill asks the court to disregard the ALJ's failure to apply the appropriate legal standards because it amounted to harmless error.[34] Specifically, Berryhill argues the opinions of the treating physicians do not discuss J. L.'s functional limitations, and thus could not undermine the ALJ's determination that J. L has the RFC to do light work.[35]

A review of the record reveals, however, that a number of J. L.'s treating physicians discussed J. L.'s functional limitations. For instance, Dr. Davis concluded that J. L. had "significant limitations in range of motion bilaterally."[36] The ALJ does not evaluate this

---

[32] *Id.*

[33] Dkt. 27 at 2, 5, and 7.

[34] Dkt. 27 at 3.

[35] Dkt. 27 at 2.

[36] Tr. 336 (Dkt. 11-9 at 13).

6

conclusion, among others, in his determination. It is therefore possible that the treating physicians' opinions could have an effect on the outcome of the case.

Thus, without providing "specific legitimate reasons"[37] for rejecting J. L.'s treating physician's opinions, the court "cannot simply presume the ALJ applied the correct legal standards," and must remand on that basis.[38]

## CONCLUSION

For the reasons discussed above, the court agrees with Judge Furse's Report and Recommendation. The court ADOPTS the Report and Recommendation in its entirety. Berryhill's Objection is OVERRRULED. This case is REMANDED for consideration consistent with this ruling. The clerk of court is directed to CLOSE this case.

SO ORDERED this 6th day of December, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[37] *Watkins*, 350 F.3d at 1300.

[38] *Robinson*, 366 F.3d at 1083.